**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARTIQUEA MIDDLETON,** | : | |
| | : | **Case No. 2:15-CV-3054** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | **Magistrate Judge King** |
| **SANTANDER CONSUMER USA,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## OPINION & ORDER

This matter comes before the Court for consideration of the Motions to Dismiss of Defendants Santander Consumer USA and Hatfield Kia of Columbus.  (Docs. 10, 12.)  Both Defendants ask the Court to dismiss Plaintiff Martiquea Middleton's Complaint for lack of subject-matter jurisdiction.  The Court **GRANTS** the Motions.

### I.      BACKGROUND

#### A.  Factual Background

On July 18, 2015, Plaintiff Martiquea Middleton, a resident of Columbus, Ohio, purchased a used 2013 Kia Forte EX at Hatfield Kia of Columbus ("Hatfield").  (Compl., Doc. 3 at ¶ 1.)  Middleton financed the vehicle purchase with a Retail Installment Sale Contract from Santander Consumer USA ("Santander").[1]  (Doc. 12-1 at 1-2.)  Middleton apparently believed that she had purchased $600 of "gap insurance," which provides coverage for the difference between the balance owed on a car loan and the actual value of a car in the event that the car is totaled.  (Doc. 3 at ¶ 2.)  On October 3, 2015, Middleton called Santander, who told her that she had declined gap insurance when she purchased the car, and Hatfield, which told her the same.

---

[1] Santander Consumer USA was improperly identified as "Santander Bank" in the Complaint. (See Doc. 3.)

(*Id.* at ¶¶ 3, 5.)  Middleton asked Santander to return her September 9, 2015 payment of $1480.00 due to the gap insurance dispute and Santander denied her request.  (*Id.* at ¶¶ 8-9; Ex. 1.)  The Hatfield Customer Contract attached to Hatfield's Motion to Dismiss shows that Middleton declined Hatfield's offer of $22.29/month for gap coverage, and the Santander Retail Installment Sale Contract also reflects that Middleton did not purchase gap coverage.  (Doc. 10-1 at 1; *see also* Doc. 12-2.)  Middleton signed both documents.  (*Id.*)

## B.  Procedural History

Plaintiff, proceeding *pro se*, commenced this action on December 3, 2015, requesting one million dollars for "damages, lost wages, and pain and suffering."  (Compl., Doc. 3 at ¶ 10.) Defendant Hatfield filed a motion to dismiss for lack of subject-matter jurisdiction on December 30, 2015 (Doc. 10) and Defendant Santander did the same on January 21, 2016 (Doc. 12).  Both Defendants contend that this Court lacks jurisdiction over Middleton's claim because her allegations do not show an amount in controversy greater than $75,000, which is necessary to invoke diversity jurisdiction under 28 U.S.C. § 1332.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to raise the defense of lack of subject-matter jurisdiction by motion.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Plaintiff bears the burden of proving jurisdiction when subject matter jurisdiction is challenged under Rule 12(b)(1).  *Rogers v. Stratton Indus.,* 798 F.2d 913, 915 (6th Cir. 1986).  A *pro se* complaint is "to be liberally construed" and "held to less stringent standards than a formal pleading drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

2

### III.    ANALYSIS

### A.  Diversity Jurisdiction

Because Plaintiff has not alleged a federal cause of action in her complaint, she must show that the Court has jurisdiction under 28 U.S.C. § 1332.  To do so, the amount in controversy in the case must be greater than $75,000, exclusive of interest and costs, and there must be diversity of citizenship between the plaintiff and the defendants.  28 U.S.C. § 1332(a). Defendants contend that she cannot show more than $75,000 in controversy.

To grant a motion to dismiss for lack of diversity jurisdiction, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 628 (6th Cir. 2009) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Courts must also "take into account the ability of Plaintiff . . . to recover punitive damages, 'unless it is apparent to a legal certainty that [punitive damages] cannot be recovered.'"  *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 408 (6th Cir. 2007) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001)). Attorney's fees are generally excludable from the calculation of the amount in controversy unless expressly provided for by statute or contract.  *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007).  Therefore, in determining the amount in controversy, the Court includes actual and, if available, punitive damages but not attorney's fees.

The Court finds that even construing her complaint liberally, as required when a plaintiff proceeds *pro se*, Plaintiff has not met her burden to show the existence of diversity jurisdiction because her factual allegations do not give rise to an amount in controversy greater than $75,000.

First, as to her actual damages, the only payment for which Middleton requests reimbursement in her complaint is the $1480.00 payment she made on September 9, 2015.  (*Id.*

at ¶ 7.)  The total amount that Middleton borrowed to finance the vehicle was $14,129.68.  (Doc. 12-1 at 1.)  Construing her complaint liberally, the Court might assume that Middleton seeks to collect more than simply the $1480.00 payment because, absent gap coverage and in the event of the total loss of the vehicle, she would be responsible for the difference in amount between the outstanding loan balance and the value of the car.  But even if a total loss resulted in no payment at all from Middleton's insurer,[2] which is unlikely, the difference that gap coverage could have provided, had Middleton purchased it, would have been no more than the loan amount of $14,129.68.

As to lost wages, Middleton's application to proceed *in forma pauperis* reveals that she is a self-employed student and that her income is $500 per month.  (Doc. 1 at 1.)  Therefore, even if she can show several months of lost wages as a result of the loss of her gap insurance it would amount, at most, to a few thousand dollars.

Middleton next requests damages for pain and suffering but she fails to describe these damages at all.  A complete absence of allegations regarding the nature of these damages cannot survive a motion to dismiss a *pro se* complaint in a breach-of-contract case.  *See Brown v. Robinson*, No. 1:08-cv-646, 2009 WL 1313364, at *3 (S.D. Ohio May 8, 2009) ("Plaintiff's conclusory claim for '$1,000,000 for pain and suffering' . . . is also not supported with sufficient facts to survive a motion to dismiss. In fact, there is nothing in the complaint, or in plaintiff's response to the motion to dismiss, which provides any explanation as to how the alleged breach of contract resulted in pain and suffering.").

---

[2] Defendant Santander attached to its Motion to Dismiss a document indicating that Middleton's vehicle was impounded on or around December 2, 2015.  (Doc. 12-3.)  As of December 23, 2015, the vehicle was in a city impound lot and was in "average" condition.  (Doc. 12-2.)  Therefore, it is not certain that there has been a total loss of the car in the first place and that Middleton has even been injured.

Finally, Middleton does not request punitive damages, but even if she did, she would fail to satisfy the amount-in-controversy requirement. Under Ohio law, punitive damages are not available for a breach of contract claim. *Turchan v. Equity for Life, LLC*, No. 2:07-CV-0435, 2009 WL 4547670, at *2 (S.D. Ohio Dec. 1, 2009) (citing *DeCastro v. Wellston City Sch. Dist. Bd. of Educ.*, 761 N.E.2d 612, 616-17 (2002)). Even if Middleton's claim could be construed as a fraud claim sounding in tort, in which punitive damages could be available, she would have had to plead fraud with particularity under Federal Rule of Civil Procedure 9(b), which she has not done. *See* Fed. R. Civ. P. 9(b). A plaintiff pleading fraud must at a minimum "allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Bennett v. MIS Corp.*, 607 F.3d 1076, 1100 (6th Cir. 2010) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003)). Moreover, to obtain punitive damages for a fraud claim under Ohio law, a plaintiff must allege facts in the complaint sufficient to raise an inference of actual malice. *Lum v. Mercedes Benz USA, L.L.C.*, No. 3:05-cv-7191, 2006 WL 1174228, at *2 (N.D. Ohio Apr. 28, 2006) (citing *Bell v. Joecken*, No. 20705, 2002 WL 533399, at *1 (Ohio Ct. App. Apr. 10, 2002)). Middleton has alleged no details about the misrepresentation, nor the fraudulent intent or state of mind of the agents of Santander or Hatfield. To the contrary, she states that the Hatfield salesperson, Tim Moore, "was a good representative and provided everything I asked for." (Doc. 3 at ¶ 1.)

In summary, even construing all factual allegations in her favor, the total amount of damages that Middleton could plausibly assert is no more than $20,000, which falls far short of the $75,000 amount-in-controversy requirement of § 1332. Therefore, it is apparent "to a legal

certainty that the claim is really for less than the jurisdictional amount." *Charvat*, 561 F.3d at 628.

### B.  Federal-Question Jurisdiction

In her response in opposition to the motions to dismiss, Plaintiff does not contest Defendants' arguments that she has failed to meet the threshold requirement to show $75,000 in controversy.  She instead attempts to assert federal-question jurisdiction under 28 U.S.C. § 1331. Specifically, she insists that her claim is brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"), and the Dodd-Frank Act.  Although she did not mention these causes of action in her complaint, the Court has examined the factual allegations in her complaint to determine if they give rise to a federal cause of action.  *Ohio el rel. Skaggs v. Brunner*, 549 F.3d 468, 475 (6th Cir. 2008).  They do not.  Plaintiff has alleged no facts to support any allegation that the terms of the credit transaction were not fully disclosed to her, as required to state a claim under the TILA.  Nor does she allege how Defendants have run afoul of the Dodd-Frank Act. Therefore, the Court finds that Middleton's complaint does not present a federal question.  The Court lacks subject-matter jurisdiction over her claim.

### IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motions to Dismiss of Defendants Santander Consumer USA (Doc. 12) and Hatfield Kia of Columbus (Doc. 10) for lack of subject-matter jurisdiction.  Any cause of action for breach of contract must be brought in state court. This case is **DISMISSED**.  The Clerk is directed to enter Judgment for Defendants.

**IT IS SO ORDERED.**

___*s/ Algenon L. Marbley*___
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  April 18, 2016**

6